THE CHICAGO AND ROCK ISLAND RAILROAD COMPANY, Appellant, *v.* THE BOARD OF SUPERVISORS OF BUREAU COUNTY, Appellees.

### APPEAL FROM BUREAU.

The supervisors have the power to correct the lists of real and personal property furnished by railroad companies for taxation; also to correct the valuation.
If a reconsideration of a valuation is had, and it is not changed, it is not erroneous.

THIS was a *certiorari* from the Circuit Court of Bureau county to the board of superviors of said county.

Petition for writ sets out that appellants, prior to May 1st, 1859, filed with the county clerk of said county, a schedule of the property of the company; that the schedule was made out in conformity with section four of an act to amend the assessment laws, approved February 14th, 1855; that the said Bureau county was organized under the township organization law, and that the supervisors met on the second Monday of September, 1859, and at said meeting did equalize the assessment of property in said county.

That at said meeting said board took up said schedule and referred it to a committee, which committee reported, and final action was had on said report.

That afterward said session was closed, and that in January, 1859, another session was held, at which said board again took up said schedule and passed the following order:

" And Mr. Simmons' motion was carried, and the resolution was adopted, as follows:

" The committee on railroad assessments would beg leave to make the following report: That they have examined the several lists of property belonging to the several railroad companies having railroads running through and in said county of Bureau, filed with the clerk of this board by said railroad companies to be assessed for taxes for the year 1859, would respectfully report, that in pursuance of a resolution appointing said committee, we proceeded to examine said lists, and do recommend that the assessments of the Chicago, Burlington and Quincy Railroad Company be raised twenty-three per cent. for the year 1859; that the Chicago and Rock Island Railroad

assessment for the year 1859, be raised thirty-six per cent.; that the Peoria and Bureau Valley Railroad Company be raised four and a half per cent. for the year 1859. All of which is respectfully submitted. Signed by the committee.

" Therefore, *Resolved*, That the valuation of the property listed by the Chicago, Burlington and Quincy Railroad Company, by the Chicago and Rock Island Railroad Company, and by the Peoria and Bureau Valley Railroad Company, for taxes for the year 1859, be and they are hereby ordered to be increased in accordance with report of the committee on railroad assessments, and the clerk is hereby ordered to make such increase of valuation as a basis of taxation, and to notify the several companies of such increase."

Petition further alleged that said board of supervisors did not, at said session, proceed to equalize the assessments of property in said county.

That petitioners had no notice that such action was to be had at such session.

That the clerk of said board did add thirty-six per cent. to the gross valuation of the property of appellants in said schedule set forth, and extended the taxes thereon against them, and certified the same to the treasurer of said county.

That the increase of valuation was from $239,369 to $326,734.

That this increase was illegal, and the reasons therefor.

That no appeal lies from the action of said board, and therefore prays that *certiorari* may issue to said board to send up the record of their proceedings, and that said writ operate as a *supersedeas* to stay the collection of the taxes assessed upon the increased valuation.

The answer of the board of supervisors of said county to the petition of the Chicago and Rock Island Railroad Company, exhibited in said court, against said board:

In accordance with the exigency of the annexed writ of *certiorari*, I, Stephen G. Paddock, clerk of the County Court of said Bureau county, and ex-officio clerk of said board of supervisors, do certify and make return as follows, that is to say:

That on April 20, A. D. 1859, the said railroad company filed in the office of the undersigned clerk, a schedule or list of the property of said corporation liable to taxation in said Bureau county, for the said year 1859, a true copy of which list is annexed to the petition on file herein, as will by reference thereto more fully appear; that said clerk laid said list before said board at their session in September, A. D. 1859; that on Wednesday, which was the third day of said session, the following proceedings in said matter were had, as appears by

the record of said board, in the custody of the undersigned, to wit:

*September, A. D.* 1859.

Annual meeting of the board of supervisors of Bureau county, Illinois, at the court house in Princeton, on Monday, September 12, 1859.   Present, etc.

*Wednesday, Sept.* 14, 1859.

The board met pursuant to adjournment.   Lists of assessable property of the Chicago, Burlington and Quincy Railroad Company, the Chicago and Rock Island Railroad Company, and the Peoria and Bureau Valley Railroad Company, were presented to the board, and on motion of Mr. Sumner, referred to the committee on railroad assessments.

*Thursday, September* 29, 1859.

Board met pursuant to adjournment.

The committee on railroad assessments presented the following report:

The committee on railroad assessments beg leave to make the following report: That they have examined the several lists of property belonging to the several railroad companies having railroads running through and in said county of Bureau, filed with the clerk of this board by said railroad companies, to be assessed for taxes for the year 1859, would respectfully report, that in pursuance of a resolution appointing said committee, we proceeded to examine said lists, and do recommend that the assessments of the Chicago, Burlington and Quincy Railroad Company be raised twenty-three per cent. for the year 1859; that the Rock Island Railroad Company's assessment for the year 1859, be raised thirty-six and a half per cent.; that the Bureau Valley Railroad Company be raised four and a half per cent. for the year 1859.   All of which is respectfully submitted by the committee.

Therefore, *Resolved,* That the valuation of the property listed by the Chicago, Burlington and Quincy Railroad Company, by the Rock Island Railroad Company, and by the Bureau Valley Railroad Company, for taxes for the year 1859, be and they are hereby ordered to be increased in accordance with the report of the committee on railroad assessments, and the clerk is hereby ordered to make such increase of valuation as a basis of taxation, and to notify the several companies of such increase.

On motion of Mr. Odell, it was ordered that the report be placed on file, and recorded and published with the proceedings, and that the resolution be adopted.

*Saturday, October* 1, 1859.

The board met pursuant to adjournment.   Mr. Gordon moved

that the board now adjourn *sine die.* Mr. Tennilliger moved to amend by substituting for " *sine die*," to second Monday of January next. The motion was amended, and carried as amended, and the board adjourned.

On the 14th day of October, A. D. 1859, the undersigned served a notice by copy upon B. C. Cook, Esq., as agent of the said Chicago and Rock Island Railroad Company, of which notice the following is a copy:

*To the Chicago and Rock Island Railroad Company:*

You will take notice that at the adjourned session of the annual meeting of the Board of Supervisors of Bureau county, Illinois, begun at Princeton, in said county of Bureau, on the 26th of September, 1859, the valuation of the property listed by the Chicago and Rock Island Railroad Company, by Glover & Cook, Att'ys, for taxation for the year 1859, was ordered to be increased thirty-six and one-half per cent. on the value as listed, and that such increased valuation will be the basis of taxes levied on the property of said railroad company for the year 1859.

Witness: Stephen G. Paddock, Clerk of the County Court of said [SEAL.] county, and the seal thereof, at Princeton, this 14th day of October, A. D. 1859.

STEPHEN G. PADDOCK, Clerk.

Received a copy of the above notice this 14th October, 1859.
(Signed) B. C. COOK, Agent

And the undersigned further makes return, that at the adjourned meeting of said board of supervisors, held in January, 1860, the following proceedings in said matter were had, as appears by the records of said board, in the custody of the undersigned, to wit:

*January,* 1860.

Adjourned meeting of the board of supervisors, Monday, Jan. 9, 1860. John C. Bryant, chairman, in the chair. Present, etc.

Mr. Porter moved that the vote taken at the last session on the report and resolution of the committee on railroad assessments be reconsidered.

Mr. Whiting moved that the report and resolution be re-committed to the committee. Carried.

*Tuesday, January* 10, 1860.

The board met pursuant to adjournment.

The committee on railroad assessments made their report on the resolution.

Mr. Sumner moved to adopt the resolution.

And Mr. Sumner's motion was carried, and the resolution was adopted, as follows:

The committee on railroad assessments would beg leave to make the following report: That they have examined the several lists of property belonging to the several railroad companies having railroads running through and in said county of

Chicago and Rock Island R. R. Co. *v.* Supervisors of Bureau Co.

Bureau, filed with the clerk of this board, by said railroad companies, to be assessed for taxes for the year 1859, would respectfully report, that in pursuance of a resolution appointing said committee, we proceeded to examine said lists, and do recommend that the assessments of the Chicago, Burlington and Quincy Railroad Company be raised twenty-three per cent. for the year 1859; that the Chicago and Rock Island Railroad Company be raised thirty-six per cent; that the Peoria and Bureau Valley Railroad Company be raised four and a half per cent. for the year 1859. All of which is respectfully submitted.

Therefore, *Resolved,* That the valuation of the property listed by the Chicago, Burlington and Quincy Railroad Company, by the Chicago and Rock Island Railroad Company, and by the Peoria and Bureau Valley Railroad Company, for taxes for the year 1859, be and they are hereby ordered to be increased in accordance with the report of the committee on railroad assessments, and the clerk is hereby ordered to make such increase of valuation as a basis of taxation, and to notify the several companies of such increase.

*Saturday, January* 14*th,* 1860.

And the board adjourned *" sine die."*

On the 2nd day of February, 1860, the undersigned mailed a notice directed to Glover & Cook, Ottawa, Ill., as attorneys for the said Rock Island Railroad Company, of which the following is a copy:

*To the Chicago and Rock Island Railroad Company:*

You will take notice that at the adjourned session of the annual meeting of the Board of Supervisors of Bureau County, Illinois, begun at Princeton, in said County of Bureau, on the 9th of January, 1860, the valuation of the property listed by the Chicago and Rock Island Railroad Company, by Glover and Cook, Attorneys, for taxation for the year 1859, was ordered to be increased thirty-six and one-half per cent. on the value as listed, and that such increased valuation will be the basis of taxes levied on the property of said Railroad Company for the year 1859.

Witness: Stephen G. Paddock, Clerk of the County Court of said [SEAL.] county, and the seal thereof, at Princeton, this 1st day of February, A. D. 1860.

STEPHEN G. PADDOCK, Clerk.

STATE OF ILLINOIS, } *ss.*
COUNTY OF BUREAU.

I, Stephen G. Paddock, Clerk of the County Court, in and for said County, hereby certify that the foregoing is a true copy of the records of the Board of Supervisors concerning the above matters, and a true statement of the proceedings had therein.

Witness my hand and the seal of said Court at Princeton, this 27th day [SEAL.] of August, A. D. 1860.

STEPHEN G. PADDOCK. Clerk.

Chicago and Rock Island R. R. Co. *v.* Supervisors of Bureau Co.

Motion by plaintiffs to set aside the order of defendants, increasing the valuation of their property in the schedule mentioned.

Cause heard upon the petition of plaintiffs, the return of defendants and proofs, and writ quashed, and petition dismissed.

Appeal allowed, etc.

Stipulation of parties: The said petitioners not having appended to their petition herein a copy of the tax schedule, or list of taxable property for the year 1859, mentioned in said petition, it is agreed in this cause that the clerk of this court, in making up the record herein to the Supreme Court, shall copy the original list for that year, on file in the county clerk's office, and make said copy a part of such record.

It was proven that during the year 1860, there were twenty-five supervisors in the county. This was all the evidence outside of the record.

The court decided that in the record of said board there was no error, and that the writ be quashed, and the petition dismissed.

Plaintiff then and there excepted.

Errors assigned:

The court erred in refusing to grant an *alias* writ of *certiorari* on motion of said plaintiffs, upon the affidavit of said Campbell.

The court erred in deciding that there was no error in the record of said board of supervisors.

The court erred in quashing said writ and dismissing said petition.

The court erred in rendering judgment as aforesaid in manner and form aforesaid.

And for other errors.

GLOVER, COOK & CAMPBELL, for Appellant.

LELAND & LELAND, for Appellees.

WALKER, J. This was a writ of certiorari to the board of supervisors of Bureau county, to make return of the record of their proceedings, in assessing the property of the company for taxation. By the return it appears that the company filed with the clerk of the County Court a schedule of their property liable to be assessed, prior to the first day of May, 1859, upon which the various taxes were required to be imposed. That when the board met at their regular meeting, in September following, they referred the lists of this and other roads to a committee, and upon their report the board entered an order increas-

ing the valuation of the list of property returned thirty-six and one-half per cent. And by order adjourned until the second Monday in January, 1860, and when the board then met, a motion was entered to reconsider the order increasing the valuation on the taxable property of the road. The order was reconsidered, and the matter again referred to a committee, who reported that it should be equalized by increasing the valuation the same amount as was done by the previous order.· On the return the cause was heard, the writ of certiorari was quashed, and the proceeding dismissed.

In the view which we take of this case, we deem it unnecessary to inquire whether this writ will lie to the board of supervisors to review their proceedings. We shall therefore proceed to ascertain whether the order entered by the board was warranted by the provisions of the statute. By the first section of Art. 20, entitled Counties, (Scates' Comp. 342,) the board is required to equalize the assessment of the real estate of the various towns, but not to increase the aggregate valuation of the property of the county. The second section of the act of 14th February, 1855, (Scates' Comp. 405,) requires the schedule of taxable property, owned by railroad companies, to be prepared and returned to the county clerk, on or before the first day of May of the year in which the property is required to be assessed. And he is required to lay the same before the board of supervisors, when they meet to equalize the assessment of property. It likewise provides, that " if a majority of the board are satisfied that the return is correct, they shall assess it accordingly; but if they believe that such schedule or list does not contain a full and fair statement of the property of such company, subject to taxation in said county, made out and valued in accordance with the requirements of law, said board shall assess such property, or cause it to be assessed, in accordance with the rules prescribed for assessing such property."

The fourth section requires the schedule to set forth a description of all real property owned and occupied by the company in each county, town and city through which the road may run, and the actual value of each lot or parcel, a list of rolling stock and other personal property, with its value. From these provisions it is obvious that the board have the power to correct the lists furnished, whether of real or personal property. If the value was omitted, or incorrectly given, the law has conferred the power to correct it, as if the list had not been full and complete. The act has expressly conferred the power, in case the company fails to return a full and fair list of their property, made out and valued as required, on the board to assess or cause it to be assessed in the mode prescribed for

assessing such property. That mode is prescribed to be, the making a full and fair list of the various kinds of property enumerated, with its actual value. This confers the authority to correct the lists, if articles or portions of the property are omitted, by supplying the omission, or if an incorrect value is returned, to fix it at its true amount. If, however, the list is found to be full, but the value incorrect, there can be no necessity of making new lists, but those furnished may be adopted, and a correct value placed upon the property thus returned. This is all that was done by the board, and we have no doubt of their authority to make the correction.

If this were not so, still they had the right to equalize the assessment of the property of the county for taxation. The first order of the board was passed at the annual meeting in September, the time fixed by law for fixing the assessment. The board then had jurisdiction of the subject matter, they entertained and acted upon it, and returned a final order fixing the assessment. The subsequent action of the board at the January meeting did not alter or change the assessment. Although the matter was reconsidered and again acted upon, the result was precisely the same. If then the latter order of the board was unauthorized, that could not affect the former order, or if it was authorized, then the order fixing the assessment was fully warranted. So in either case the order was regular and binding on the company. This being so, we are unable to perceive any grounds for quashing the assessment.

There was, therefore, no error in quashing the writ and dismissing the petition, and the judgment of the court below must be affirmed.

*Judgment affirmed.*